Michael K. Brown (SBN 104252)
Thomas J. Yoo (SBN 175118)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone:    213.457.8000
Facsimile:     213.457.8080
Email: mkbrown@reedsmith.com
tyoo@reedsmith.com

Steven J. Boranian (SBN 174183)
Kevin M. Hara (SBN 221604)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA  94111-3922
Telephone:    415.543.8700
Facsimile:     415.391.8269
Email: sboranian@reedsmith.com
khara@reedsmith.com

Attorneys for Defendant
Merck & Co., Inc.

FILED

06 SEP 20  PM 2: 36

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

PH

DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ROBERT BROWN

Plaintiff,

vs.

MERCK & COMPANY, INC., a corporation;
MCKESSON CORPORATION, a corporation;
DOES 1 to 50, inclusive,

Defendants.

No.: 06 CV 2020   R   RBB

DEFENDANT MERCK & CO., INC.'S
NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. 1441(b)



REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    PLEASE TAKE NOTICE that defendant Merck & Co., Inc. ("Merck") hereby removes the

2  state court action described below to this Court.  Removal is warranted under 28 U.S.C. § 1441

3  because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C.

4  § 1332.  Complete diversity of citizenship exists among the properly joined parties, and San Diego

5  County is the county of origin for purposes of removal under 28 U.S.C. § 1441(a), as explained more

6  fully below.

7

8    1.    On June 20, 2006, Plaintiff Robert Brown ("Plaintiff") commenced this action

9  entitled *Brown v. Merck & Co., Inc., et al.*, Case No. BC354920 ("the/this action") against Merck by

10  filing a Notice of Adoption of Master Complaint in connection with Judicial Counsel Coordination

11  Proceeding ("JCCP") No. 4247, *In re Vioxx® Cases* (the "State Coordination Proceeding").  A true

12  and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A."

13

14    2.    By order of the judge presiding over Judicial Counsel Coordination Proceeding

15  No. 4247, *In re Vioxx Cases*, Superior Court Judge Victoria Chaney, each plaintiff commencing a

16  Vioxx-related civil action must designate a "county of origin," which Judge Chaney has ordered

17  shall be the controlling venue for removal purposes.  The Court's order reads:

18

19        (1)  As the initial pleading, each individual plaintiff shall file either (1) short
form Complaint titled "Complaint: Amended Notice of Adoption of Master
20     Complaint . . ." or (2) a separate complaint. . . .

21        (2)  A plaintiff filing a separate complaint as the initial pleading shall state
clearly on the caption page of the complaint, in bold print, the following information:
22     (1) "VIOXX," and (2) "County of Origin:" [plaintiff's county of residence or the
county where the alleged injury occurred]. . . . .

23        . . . .

24        **For purposes of removal, remand and trial venue, the designated county
of origin specified in the initial pleading shall be deemed, and is stipulated to be,**
25     **the original county in which [each] case was initially filed and pending.**

26

27  *In re Vioxx Cases*, JCCP 4247, Case Management Order No. 6: Direct Filing and Adoption

28  of Master Complaint, entered September 29, 2005 (emphasis added) (A true and correct copy is

DOCSOAK-9842236.1

DEFENDANT MERCK & CO., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.§ 1441(B)

attached hereto as Exhibit "C").

3.    Judge Chaney's order defines the "County of Origin" as "plaintiff's county of residence or the county where the alleged injury occurred." Exh. C, ¶ 2(a)(2). Plaintiff alleges residence in <u>San Diego County</u>, which makes <u>San Diego County the County of Origin for purposes of this removal under 28 U.S.C. § 1441(a).</u>[1] See Exhibit "A" attached hereto.

4.    On September 15, 2006, Merck filed an Answer to the Complaint. A true and correct copy of the Answer filed in this action is attached hereto as Exhibit "B".

5.    No further proceedings have been had in this action.

6.    This action involves allegations regarding the prescription drug Vioxx. On February 16, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order transferring 148 Vioxx-related cases to the United States District Court for the Eastern District of Louisiana for coordinated pretrial proceedings under 28 U.S.C. § 1407. Merck intends to seek the transfer of this action to that Multidistrict Litigation ("MDL"), *In re VIOXX Products Liability Litigation*, MDL No. 1657, and shortly will provide the JPML with notice of this action pursuant to the procedure for "tag along" actions set forth in the rules of the JPML.

7.    As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Merck has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

---

[1] Plaintiff erroneously named Los Angeles County as the County of Origin on the first page of the Complaint. According to the body of the Complaint, plaintiff neither lives in Los Angeles County, nor did the alleged injuries occur there.

DOCSOAK-9842236.1

DEFENDANT MERCK & CO., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.§ 1441(B)

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# I. MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

8. Merck was served with the Complaint on August 25, 2006. Merck is informed and believes that defendant McKesson Corporation has not yet been served in this action. This Notice is therefore timely under 28 U.S.C. § 1446(b). A true and correct copy of the Complaint in the action is attached hereto as Exhibit "A."

9. Venue is proper in this Court because it is the "district and division embracing the place where such action is pending," pursuant to the September 29, 2005 order of Coordination Trial Judge Chaney. See, 28 U.S.C. § 1441(a). On September 29, 2005, Judge Chaney ordered that, for the sake of fair and efficient coordinated proceedings, plaintiffs would be allowed to commence Vioxx-related actions directly in the State Coordination Proceeding by filing (1) a short-form complaint (called a Notice of Adoption of Master Complaint) or (2) a full complaint in Los Angeles County Superior Court. This direct filing procedure is intended to speed the transfer of Vioxx-related cases to the State Coordination Proceeding and to avoid the time and expense associated with filing actions in other counties, only to then transfer them to Los Angeles.[2]

10. To ensure, however, that this procedural convenience would not affect the parties' rights, including rights involving removal jurisdiction and trial venue, Judge Chaney ordered that each plaintiff designate a "county of origin." In connection with this designation, Judge Chaney ordered and the parties stipulated as follows: "For purposes of removal, remand, and trial venue, the designated county of origin specified in the initial pleading shall be deemed, and is stipulated to be, the original county in which [each] case was initially filed." See Exhibit "C".

---

[2] The Plaintiffs' Steering Committee in the State Coordination Proceeding requested the direct filing procedure.

DOCSOAK-9842236.1

DEFENDANT MERCK & CO., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.§ 1441(B)

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

11.     Judge Chaney's order defines the County of Origin as "plaintiff's county of residence or the county where the alleged injury occurred." Exh. C, ¶ 2(a)(2). Because plaintiff alleges residence in <u>San Diego County</u>, this action's County of Origin is <u>San Diego County</u>, which this district and division embraces. Exh. A, ¶ 1 ("Plaintiff is a resident of the State of California, County of San Diego.")

12.     Under 28 U.S.C. § 1441(a), an action "may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." However, this geographical provision is a procedural matter that does not affect subject matter jurisdiction. *See* William W. Schwarzer et al., *Cal. Prac. Guide Fed. Civ. Pro. Before Trial* ¶ 2:997 (geographic component of the removal statute is in the nature of a venue provision; it is procedural and subject to waiver); *see also Peterson v. BMI Refractories*, 124 F.3d 1386, 1394 (11th Cir. 1997) (failure to comply with the geographic requirements of § 1441(a) was a procedural matter that did not deprive a district court of subject matter jurisdiction in a removed case); *Archuleta v. Lacuesta*, 131 F.3d 1359, 1365 (10th Cir. 1997) (stating that a removal to a district court other than the court for the district embracing the place where the action is pending cannot deprive a district court of subject matter jurisdiction; the removal statutes, including section 1441(a), do not set forth principles of subject matter jurisdiction but are solely procedural in nature). This action is currently pending in the Los Angeles County Superior Court. But because Plaintiff alleges <u>San Diego County</u> as the county of residence and where the injuries occurred, this district court is the proper venue for this action, pursuant to Judge Chaney's order.

13.     All of the properly joined and served defendants consent to this removal.[3]

---

[3] The Complaint purports to name a defendant or defendants other than Merck. But because any defendant other than Merck is fraudulently joined to this lawsuit, its consent to this removal is not required. *See* 28 U.S.C. § 1441(b); *see Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986) (co-defendants who are fraudulently joined need not join in a removal).

DOCSOAK-9842236.1

DEFENDANT MERCK & CO., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.§ 1441(B)

14.     No previous request has been made for the relief requested herein.

15.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff and a copy is being filed with the Clerk of the Court of the State of California, County of Los Angeles.

## II.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

16.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

### A.     The Amount In Controversy Requirement Is Satisfied

17.     It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest.  Plaintiff alleges injuries as a result of ingesting of Vioxx. (Complaint at ¶ 4).  Plaintiff seeks general damages, special damages, loss of earnings and impaired earning capacity, medical expenses, past and future, past and future emotional distress, and punitive or exemplary damages. (Complaint ¶ 8).

18.     Federal courts around the country have ruled that federal diversity jurisdiction exists in similar actions alleging personal injuries caused by Vioxx. *See, e.g., Morgan v. Merck & Co., Inc.*, No. 3:03cv435WS (S.D. Miss. Mar. 29, 2004); *Benavidez v. Merck & Co., Inc.*, No. L-03-134 (S.D. Tex. Apr. 6, 2004); *Stubblefield v. Merck & Co., Inc.*, Civ. No. H-02-3139 (S.D. Tex. Oct. 8, 2002); *Zeedyk v. Merck & Co., Inc.*, No. 02-C-4203 (N.D. Ill. August 30, 2002); *Abrusley v. Merck & Co., Inc.*, No. 02-0196 (W.D. La. June 18, 2002); *Jones v. Merck & Co., Inc.*, Civ. No. 02-00186 (D. Haw. June 5, 2002).  These courts were all presented with complaints seeking actual damages for

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT MERCK & CO., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.§ 1441(B)

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   injuries allegedly caused by Vioxx and all found, either explicitly or implicitly, that the requirements

2   for federal diversity jurisdiction, including the amount in controversy, were satisfied.

4   **B.      There Is Complete Diversity Of Citizenship**

6       19.      There is complete diversity as between Plaintiff and the sole properly joined

7   defendant, Merck.

9       20.      Merck is, and was at the time Plaintiff commenced this action, a corporation

10  organized under the laws of the State of New Jersey with its principal place of business at One

11  Merck Drive, Whitehouse Station, New Jersey and, therefore, is a citizen of New Jersey for purposes

12  of determining diversity.  28 U.S.C. § 1332(c)(1).

14      21.      Plaintiff's complaint alleges that Plaintiff is a citizen of the State of California, and a

15  resident of the County of San Diego.  (Complaint ¶ 1).  Based on this allegation, Merck is informed

16  and believes that Plaintiff is a citizen of the State of California.

18      22.      Defendant Does 1-50 have been sued under fictitious names.  For purposes of

19  removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C.

20  § 1441(a).

22      23.      The Complaint names McKesson as a defendant.  *See* Exh. A.  For the reasons set

23  forth below, McKesson is fraudulently joined.  Therefore, its citizenship must be ignored for the

24  purposes of determining removal jurisdiction.  *See McCabe v. General Foods*, 811 F.2d 1336, 1339

25  (9th Cir. 1987).

27      24.      A defendant is fraudulently joined "if the plaintiff fails to state a cause of action

28  against the resident defendant, and the failure is obvious according to the settled rules of the state."

DOCSOAK-9842236.1

DEFENDANT MERCK & CO., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.§ 1441(B)

1   *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (2001) [sjb4](citations omitted). *Accord United*

2   *Computer Sys.*, 298 F.3d at 761; *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, ("In re PPA"),

3   MDL No. 1407, Docket No. C02-423R, Slip. Op. at 3 (W.D. Wash. Nov. 27, 2002) (a true and

4   correct copy is attached hereto as Exhibit "D") (denying plaintiffs' motion to remand after finding

5   resident retailer fraudulently joined). The fraudulent joinder of McKesson is obvious under well-

6   settled state law because there is no legal basis for the claims Plaintiff seeks to bring against

7   McKesson as pleaded.

8

9   **C.    McKesson Is Fraudulently Joined Because The Complaint Does Not State A Legal Basis**

10          **For A Claim Against It.**

11

12          25.    The fraudulent joinder of McKesson is obvious under well-settled state law because

13   there is no legal basis for the claims as pleaded.

14

15          26.    Plaintiffs' Complaint states no legal basis for claims against McKesson because the

16   claims are based on an alleged failure to warn and premised on a non-existent duty to warn. Exh. A,

17   at ¶¶ 7. Under California law, pharmacy defendants and distributors bear no duty to warn according

18   to the well-established "learned intermediary" doctrine. The "learned intermediary" doctrine, a

19   foundation of prescription drug product liability law, provides that the duty to warn about a drug's

20   risks runs from the manufacturer to the physician (the "learned intermediary"), and then from the

21   physician to the patient. *See Brown v. Superior Court*, 44 Cal. 3d 1049, 1061-62, n.9 (1988); *Carlin*

22   *v. Superior Court*, 13 Cal. 4th 1104, 1116 (1996). It is the physician, and only the physician, who is

23   charged with prescribing the appropriate drug and communicating the relevant risks to the patient.

24   *See Brown*, 44 Cal.3d at 1061-62.

25

26          27.    The rationale underlying the "learned intermediary" doctrine instructs that it is the

27   physician who is in the best position to determine whether a patient should take a prescription drug

28   and that imposing a duty on others to warn patients would threaten to undermine reliance on the

DOCSOAK-9842236.1

DEFENDANT MERCK & CO., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.§ 1441(B)

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  physician's informed judgment. For this reason, the California Supreme Court has expressly

2  rejected imposing liability on pharmacies and distributors for failure to warn of the risk of a

3  prescribed drug. *See, e.g., Murphy v. E.R. Squibb & Sons, Inc.*, 40 Cal. 3d 672, 680-81 (1985)

4  (under the learned intermediary doctrine, retail pharmacies can have no general duty to warn

5  consumers of effects of prescription drugs); *Barlow v. Warner-Lambert Co.*, Case No. CV 03 1647

6  R(RZx), Slip Op. at 2 (C.D. Cal. April 28, 2003) ("The Court finds that there is no possibility that

7  plaintiffs could prove a cause of action against Bel Air Pharmacy, an entity which distributed this

8  FDA-approved medication [Rezulin] to pharmacists in California;" motion to remand denied);

9  *Skinner v. Warner-Lambert Co.*, Case No. CV 03 1643-R(RZx), Slip Op. at 2 (C.D. Cal. April 28,

10  2003) (same); *In re Baycol Prods. Litig.*, MDL No. 1431, Case No. 02-139, Slip Op. at 3-4 (D.

11  Minn. May 24, 2002) (retail distributor of prescription drugs fraudulently joined); *Schaerrer v.*

12  *Stewart's Plaza Pharmacy*, 79 P.3d 922, 929 (D. Utah 2003) (declining to extend duty to warn to

13  retail distributor of prescription diet drug as long as [their] "ability to distribute prescription drugs is

14  limited by the highly restricted FDA-regulated drug distribution system in this country . . .").

15

16     WHEREFORE, Defendant Merck respectfully removes this action from the Superior Court

17  of the State of California for the County of Los Angeles, Case Number BC354920 to this Court

18  pursuant to 28 U.S.C. § 1441.

19

20     DATED: September *19*, 2006.

21                                          REED SMITH LLP

22

23                                          By
                                            Kevin M. Hara
24                                          Attorneys for Defendant
                                            Merck & Co., Inc.
25

26

27

28

DOCSOAK-9842236.1

DEFENDANT MERCK & CO., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.§ 1441(B)

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

X01001-4

**EXHIBIT  A**

1  Lowell W. Finson, Esq. (AZ Bar ID 010872)
   Robert Arentz, Esq. (CA Bar ID 114159)
2  **PHILLIPS & ASSOCIATES**
   3030 North Third Street, Suite 1100
3  Phoenix, Arizona 85012
   Tel:    (602) 258-8900 ext. 295
4  Fax:    (602) 279-9155

5  Attorneys for Plaintiff

6

7

                        **ORIGINAL FILED**

                            JUN 2 0 2006

                          **LOS ANGELES**
                        **SUPERIOR COURT**

8              **SUPERIOR COURT OF CALIFORNIA**

9              **COUNTY OF LOS ANGELES**        BC 354 920

| 10  Coordination Proceeding | JCCP NO. 4247 |
| Special Title (Rule 1550(b)) | |
| 11 | **COVER SHEET FOR FILING OF** |
| **VIOXX® CASES** | **MULTIPLE VIOXX NOTICES OF** |
| 12 | **ADOPTION OF MASTER COMPLAINT** |
| 13 | (Per Section 2(a)(6) of CMO 6 signed by the |
| 14 | Honorable Victoria G. Chaney in JCCP No. |
| | 4247: VIOXX CASES) |

15      This Cover Sheet for Filing of Multiple Vioxx Notices of Adoption of Master Complaint

16  ("Cover Sheet") is filed pursuant to Section 2(a)(6) of Case Management Order 6 signed by the

17  Honorable Victoria G. Chaney in JCCP No. 4247: VIOXX CASES, which provides, in pertinent

18  part:

19          "If notices of Adoption are the initial pleading, multiple separate
20          Notices of Adoption may be grouped and filed simultaneously in
            which event there shall be only one charge for original filing fees and
21          related court fees for all the grouped Notices of Adoption. Plaintiffs
            simultaneously filing a group of such Notices of Adoption shall also
22          file and serve a Cover Sheet, in the form attached as Exhibit ", listing
            each and all of the plaintiffs whose separate notices of Adoption are
23          grouped ...." (emphasis added).

24      Notices of Adoption of the Master Complaint ("Notices of Adoption") for the following

25  plaintiffs are filed concurrently with this Cover Sheet:

26          (1)     Carol A. Abeyta

                                    – 1 –
COVER SHEET FOR FILING OF MULTIPLE VIOXX NOTICES OF ADOPTION OF MASTER COMPLAINT

| | | |
|---|---|---|
| 1 | (2) | Eugene L. Abeyta |
| 2 | (3) | Michelle A. Bell |
| 3 | (4) | Robert A. Brown |
| 4 | (5) | Debbie Clines |
| 5 | (6) | Bonnie L. Hooks |
| 6 | (7) | Phillip W. Hooks |
| 7 | (8) | Fredrick J. Koltweit |
| 8 | (9) | Phillip C. Laizure |
| 9 | (10) | Virginia Laizure |
| 10 | (11) | Rodessier Lattin |
| 11 | (12) | Mariane M. Power |
| 12 | (13) | Jean Roah |
| 13 | (14) | Louis Roah |
| 14 | (15) | Albert D. Short |
| 15 | (16) | Kathleen C. Baker-Short |
| 16 | (17) | Angela Tourajigian |

17    Dated: June 14, 2006

18    PHILLIPS & ASSOCIATES

19

20    By
          Lowell W. Finson, Esq.
21        Robert Arentz, Esq.
          Attorneys for Plaintiff
22

23

24

25

26

COVER SHEET FOR FILING OF MULTIPLE VIOXX NOTICES OF ADOPTION OF MASTER COMPLAINT

M007419788

## PROOF OF SERVICE

I am a resident of the State of Arizona, over the age of eighteen years, and not a party to the within action.  My business address is PHILLIPS & ASSOCIATES, 3030 North Third Street, Suite 1100, Phoenix, Arizona 85012.

On, June 14, 2006, pursuant to the Court's Electronic Case Management Order (CMO No. 1), I served the foregoing document entitled **COVER SHEET FOR FILING OF MULTIPLE VIOXX NOTICES OF ADOPTION OF MASTER COMPLAINT** on all interested parties by transmitting the document to CaseHomePage for electronic service through the CaseHomePage website, pursuant to the instructions on that website.

I declare under penalty of perjury under the laws of the State of Arizona that the above is true and correct.

Executed on June 14, 2006, at Phoenix, Arizona.


Ron Foltz



1  Lowell W. Finson, Esq. (AZ Bar ID 010872)
   Robert Arentz, Esq. (CA Bar ID 114159)
2  **PHILLIPS & ASSOCIATES**
   3030 North Third Street, Suite 1100
3  Phoenix, Arizona 85012
   Tel:     (602) 258-8900
4  Fax:     (602) 279-9155

5  Attorneys for Plaintiff

6

7

8

9                    **SUPERIOR COURT OF CALIFORNIA**

10                      **COUNTY OF LOS ANGELES**

11
   | Coordination Proceeding | VIOXX (JCCP 4247) |
12 | Special Title (Rule 1550(b)) | |
   | | **County of Origin: <u>Los Angeles</u>** |
13 | VIOXX® CASES | **Superior Court** |
   | | |
14 | | *(By Order of the Honorable Victoria G.* |
   | | *Chaney, the designated county of origin shall* |
15 | | *be deemed, and is stipulated to be, the* |
   | | *original county in which this case was* |
16 | | *initially filed and pending for purposes of* |
   | | *removal under 28 U.S.C. § 1441(a) and* |
17 | | *potential trial venue.)* |

18                                    **COMPLAINT: NOTICE OF ADOPTION
                                      OF VIOXX MASTER COMPLAINT**
19
                                      Assigned to the Honorable Victoria G.
20                                    Cheney, Department 324

21

22

23

24

25

26

                                      – 1 –
─────────────────────────────────────────────────
       PLAINTIFF'S NOTICE OF ADOPTION OF MASTER COMPLAINT

1    Pursuant to the Court's Case Management Order No. 3 and Case Management Order No. 6:

2  General Pre-trial Order, Plaintiff <u>Robert A. Brown</u> hereby adopts the Master Complaint and any

3  rulings or orders of the Court relating thereto:

4    1.    Plaintiff is a resident of the State of California, County of San Diego.  Plaintiff's

5  injuries as alleged in this litigation occurred in the County of San Diego, in the State of California.

6    2.    Plaintiff incorporates by reference and of the causes of action in the Master

7  Complaint checked below:

8    ✔    Strict Liability – Failure to Warn

9    ✔    Negligence

10    ✔    Negligence Per Se

11    ✔    Breach of Implied Warranty

12    ✔    Breach of Express Warranty

13    ✔    Deceit by Concealment

14    ✔    Negligent Misrepresentation

15    ✔    Violation of Business & Professions Code § 17200

16    ✔    Violation of Business & Professions Code § 17500

17    ✔    Violation of Civil Code § 1750

18    ____    Wrongful Death

19    ____    Survivor Action

20    ____    Loss of Consortium

21    3.    Plaintiff ✔ is / ___ is not claiming damages for mental and/or emotional distress.

22    4.

23    ✔    Plaintiff is an individual who ingested Vioxx® and who asserts claims for damages

24  herein by complaining of the following injuries:  <u>Exacerbation of coronary artery disease and all</u>

25  <u>related injuries</u>.

26    ____    Plaintiff is the spouse of _____, an individual who ingested

– 2 –

PLAINTIFF'S NOTICE OF ADOPTION OF MASTER COMPLAINT

1  Vioxx® and allegedly sustained personal injuries as a result.

2  _____ Plaintiff's decedent, _____, is an individual who ingested

3  Vioxx® and allegedly sustained fatal injury as a result. The following plaintiffs are heirs of

4  plaintiff's decedent, or other persons entitled to bring an action for the wrongful death of plaintiff's

5  decedent, and brings the causes of action alleged herein pursuant to Code of Civil Procedure §

6  377.60:

7  5. The Vioxx ingested by plaintiff or decedent was purchased at the following

8  pharmacies (*provide name and address of each pharmacy*): Kaiser Pharmacy, 4650 Palm Ave, San

9  Diego, CA 92154.

10  6. Plaintiff alleges that the following defendants are liable to plaintiff for the causes of

11  action specified above: Merck & Co., Inc. [a/k/a Merck & Company, Inc.]; McKesson Corporation;

12  Does 1-50

13  7. *(If plaintiff alleges a cause of action for deceit by concealment and/or a cause of*

14  *action for negligent misrepresentation, plaintiff must complete this section.)* Plaintiff claims that

15  defendants are liable to plaintiff for deceit by concealment and/or negligent misrepresentation based

16  on the following allegations:

17  (a) What allegedly false statement(s) did defendants make to you or your doctor

18  *(if doctor, state the name and address of the doctor)*? Plaintiff incorporates by reference each and

19  every allegation set forth in the Master Complaint as though fully set forth herein. Defendants' false

20  statements included, but were not limited to, representations to plaintiff and plaintiff's physicians

21  that Vioxx® was safe, fit and effective for human consumption, conducting a sales and marketing

22  campaign to promote the sale of Vioxx® that willfully deceived plaintiff and plaintiff's physicians

23  as to the health risks and consequences of the use of Vioxx®, upon which intentional

24  misrepresentations and material omissions plaintiff and plaintiff's physicians justifiably relied to

25  plaintiff's detriment. Defendants' intentional misrepresentations and material omissions were made

26  to plaintiff and plaintiff's prescribing and other physicians, including, but not limited to, Jon D.

– 3 –
PLAINTIFF'S NOTICE OF ADOPTION OF MASTER COMPLAINT

1  Harrison, M.D., 4650 Palm Ave; San Diego, CA 92154.

2         (b)    State the name and job title of the individual(s) who made the above-

3  described statements to you or your doctor:  Plaintiff incorporates by reference each and every

4  allegation set forth in the Master Complaint as though fully set forth herein.  The above-described

5  statements were made by individuals employed by Defendants Merck & Company, Inc., McKesson

6  Corporation and Does 1-50, inclusive, who were responsible for testing, studying, researching,

7  evaluating, designing, formulating, compounding, manufacturing, producing, processing,

8  assembling, inspecting, distributing, marketing, promoting, packaging, advertising for sale and/or

9  who were otherwise responsible for placing Vioxx® into the stream of commerce.

10         (c)    When, and by what means (e.g., writing, oral statement, television, Internet,

11  etc.) were the above-described statements made to you or your doctor?  Plaintiff incorporates by

12  reference each and every allegation set forth in the Master Complaint as though fully set forth

13  herein. The above-described statements were made prior to and/or at the time of plaintiff's ingestion

14  of Vioxx®, and were made through writings, oral statements, television, Internet, press releases, and

15  other promotional literature and communications.

16         (d)    When, and how, did you or your doctor rely on the above-described

17  statements?  The above-described statements were made prior to and/or at the time of Plaintiff's

18  ingestion of Vioxx®.  Plaintiff relied on said statements to purchase and/or use Vioxx®.  Plaintiff's

19  physician(s) relied on said statements to prescribe Vioxx®.

20         (e)    If the above-described statements were false by virtue of defendants'

21  concealment of facts that were known by defendants, state the facts that were concealed and that,

22  if known by you or your doctor, would have prevented your alleged injury.  Plaintiff incorporates

23  by reference each and every allegation set forth in the Master Complaint as though fully set forth

24  herein.  Defendants concealed the fact that Vioxx® was unsafe and could and did cause injuries to

25  plaintiff.

26      8.    Plaintiff requests the relief checked below:

– 4 –

PLAINTIFF'S NOTICE OF ADOPTION OF MASTER COMPLAINT

1   ✔   Past and future general damages, according to proof.

2   ✔   Past and future medical and incidental expenses, according to proof.

3   ✔   Past and future loss of earnings and/or earning capacity, according to proof.

4   ✔   Punitive and exemplary damages, where permitted by law.

5   ✔   Damages for past and future mental and/or emotional distress, according to proof.

6   _____   Damages for past and future loss of consortium, according to proof.

7   ✔   Costs of suit incurred herein.

8   ✔   Injunctive relief (specify):  As set forth in the Master Complaint.

9   ✔   Other (specify): For disgorgement of profits, according to proof; for attorneys' fees,

10   and for such other and further relief as the court deems just and proper.

11   Dated:   June 12, 2006

12                                          PHILLIPS & ASSOCIATES

13

14                    By _____

15                        Lowell W. Finson, Esq.
                         Robert Arentz, Esq.
16                        3030 North Third Street, Suite 1100
                         Phoenix, Arizona 85012
17                        Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

– 5 –

PLAINTIFF'S NOTICE OF ADOPTION OF MASTER COMPLAINT

# PROOF OF SERVICE

## STATE OF ARIZONA, COUNTY OF MARICOPA

1

2

3        I am employed in the County of Maricopa, State of Arizona.  I am over the age of 18 and
not a party to the within action; my business address is Phillips & Associates, 3030 North Third
4   Street, Suite 1100, Phoenix, Arizona 85012.

5        On June 12, 2006, I served the foregoing document entitled **NOTICE OF ADOPTION
OF MASTER COMPLAINT BY PLAINTIFF** on all interested parties in this action through the
6   use of the Vioxx® Cases, JCCP No. 4247 Website maintained by CaseHomePage.  I caused the
foregoing document to be transmitted to CaseHomePage for electronic service through the
7   CaseHomePage website pursuant to the instructions on that website.

8        I declare under penalty of perjury that the above is true and correct.

9        Executed on June 12, 2006, at Phoenix, Arizona.

10

11                                                              _____
                                                                Ron Foltz

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

X019023

M005A10492

📄 COPY

1 | Michael K. Brown (SBN 104252)
Thomas J. Yoo (SBN 175118)
2 | REED SMITH LLP
355 South Grand Avenue, Suite 2900
3 | Los Angeles, CA 90071-1514
Telephone:  213.457.8000
4 | Facsimile:  213.457.8080

5 | Steven J. Boranian (SBN 174183)
Kevin M. Hara (SBN 221604)
6 | REED SMITH LLP
Two Embarcadero Center, Suite 2000
7 | San Francisco, CA 94111-3922
Telephone:  415.543.8700
8 | Facsimile:  415.391.8269

9 | Attorneys for Defendant
Merck & Co., Inc.

10

ORIGINAL FILED

SEP 1 5 2006

LOS ANGELES
SUPERIOR COURT

11 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12 | **FOR THE COUNTY OF LOS ANGELES**

13 |

🖨 FAXED

14 | COORDINATION PROCEEDING SPECIAL
15 | TITLE [Rule 1550(b)]

16 | IN RE VIOXX® CASES

17 |

18 | ROBERT BROWN,

19 | Plaintiff,

20 | vs.

21 | MERCK & COMPANY, INC., a corporation;
MCKESSON CORPORATION, a corporation;
22 | DOES 1 to 50, inclusive,

23 | Defendants.

24

25

26

27

28

Case No. JCCP 4247

Case No.: BC354920

**DEFENDANT MERCK & CO., INC.'S
ANSWER TO PLAINTIFF'S UNVERIFIED
COMPLAINT AND REQUEST FOR JURY
TRIAL**

DOCSOAK-8645885.1

# GENERAL DENIAL

1.     Answering plaintiff's unverified Complaint, defendant Merck & Co., Inc., ("answering defendant") generally and specifically denies every allegation of the Complaint, and the whole thereof, and denies that plaintiff was injured or damaged in any sum, or at all, by reason of any act or omission of answering defendant or anyone acting on its behalf.

# AFFIRMATIVE DEFENSES

2.     As a first affirmative defense, answering defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action against this answering defendant.

3.     As a second affirmative defense, answering defendant alleges that this Court lacks personal jurisdiction over answering defendant.

4.     As a third affirmative defense, answering defendant alleges that California's judicially-created definitions of manufacturing defect and design defect, and standards for determining whether there has been an actionable failure to warn, are unconstitutional in that, among other things, they are void for vagueness and an undue burden on interstate commerce, as well as an impermissible effort to regulate in an area that previously has been preempted by the federal government.

5.     As a fourth affirmative defense, answering defendant alleges that to the extent that plaintiff asserts claims based on answering defendant's alleged adherence or lack of adherence to and compliance with applicable federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

DOCSOAK-9845685.1

6.      As a fifth affirmative defense, answering defendant alleges that plaintiff may have failed to exercise reasonable care to mitigate their alleged damages.

7.      As a sixth affirmative defense, answering defendant alleges that the provisions of California Civil Code Section 1431.2 are applicable to the Complaint and each cause of action therein.

8.      As a seventh affirmative defense, answering defendant alleges that plaintiff's claims are barred in whole or in part by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure Sections 335.1 and 338 and former section 340(3), California Business and Professions Code Section 17208, and California Civil Code Section 1783.

9.      As an eighth affirmative defense, answering defendant alleges that the subject pharmaceutical product manufactured or distributed by answering defendant has at all relevant times been available only upon the prescription of a licensed physician, and plaintiff's prescribing physicians stood in the position of the learned intermediaries between answering defendant and plaintiff.  To the extent that plaintiff asserts claims based on an alleged failure by answering defendant to warn plaintiff directly of alleged dangers associated with the use of the subject pharmaceutical product manufactured or distributed by answering defendant, such claims are barred because answering defendant has discharged its duty to warn in its warnings to the prescribing physicians, under the learned intermediary doctrine.

10.      As a ninth affirmative defense, answering defendant alleges that plaintiff's claims are barred in whole or in part because the subject pharmaceutical product manufactured or distributed by answering defendant is a prescription medication which is "unavoidably unsafe" within the meaning of Comment k to Section 402A of the Restatement (Second) of Torts.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

— 2 —

DOCSOAK-9845685.1

Defendant Merck & CO., Inc.'s Answer To Plaintiff's Unverified Complaint And Request For Jury Trial

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    11.    As a tenth affirmative defense, answering defendant alleges that plaintiff's claims are

2   barred in whole or in part because answering defendant provided adequate "direction or warnings"

3   as to the use of the subject pharmaceutical product manufactured or distributed by answering

4   defendant within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

5

6    12.    As an eleventh affirmative defense, answering defendant alleges that plaintiff's claims

7   are barred in whole or in part because the subject pharmaceutical product manufactured or

8   distributed by answering defendant "provides net benefits for a class of patients" within the meaning

9   of Comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

10

11    13.    As a twelfth affirmative defense, answering defendant alleges that the subject

12   pharmaceutical product manufactured or distributed by answering defendant, and the design,

13   manufacture, and promotion thereof, conformed to the state-of-the-art for the design, manufacture,

14   and promotion of such, or similar products based on available medical and scientific knowledge.

15

16    14.    As a thirteenth affirmative defense, answering defendant alleges that plaintiff's claims

17   are barred in whole or in part under the applicable state law because subject pharmaceutical product

18   manufactured or distributed by answering defendant was subject to and received pre-market

19   approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

20

21    15.    As a fourteenth affirmative defense, answering defendant alleges that plaintiff's claims

22   are barred in whole or in part by the deference given to the primary jurisdiction of the Food and

23   Drug Administration over the subject pharmaceutical product manufactured or distributed by

24   answering defendant under applicable federal laws, regulations, and rules.

25

26    16.    As a fifteenth affirmative defense, answering defendant alleges that the subject

27   pharmaceutical product manufactured or distributed by answering defendant complied with the

28   applicable laws, regulations, and rules promulgated and enforced by the Food and Drug

1   Administration. Compliance with such laws, regulations, and rules demonstrates that due care and

2   reasonable prudence were exercised in the design, manufacture, and promotion of the subject

3   pharmaceutical product and that the subject pharmaceutical product was not defective in any respect.

4

5         17.    As a sixteenth affirmative defense to each cause of action in the Complaint, answering

6   defendant alleges that plaintiff's claims are barred in whole or in part because there is no private

7   right of action concerning matters regulated by the Food and Drug Administration under applicable

8   federal laws, regulations, and rules.

9

10         18.    As a seventeenth affirmative defense, answering defendant alleges that if plaintiff has

11   sustained injury or loss as alleged in the Complaint, such injury or loss was only so sustained after

12   plaintiff knowingly and voluntarily assumed the risk of any injury as the result of the consumption

13   of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or

14   distributed by answering defendant and prescribed by the plaintiff's physicians.

15

16         19.    As an eighteenth affirmative defense, answering defendant alleges that if plaintiff has

17   sustained injury or loss as alleged in the Complaint, such injury or loss may have been directly and

18   proximately caused by the operation of nature or the intervening or superseding acts of persons not

19   having real or apparent authority to take said actions on behalf of answering defendant, over whom

20   answering defendant had no control, and/or for whom answering defendant may not be held

21   accountable.

22

23         20.    As a nineteenth affirmative defense, answering defendant alleges that plaintiff may

24   have been careless and negligent in the matters alleged, thereby causing and contributing to any

25   alleged injury, damage, or loss to plaintiff.

26

27         21.    As a twentieth affirmative defense, answering defendant alleges that if plaintiff has

28   sustained injury or loss as alleged in the Complaint, such injury or loss may have been caused by

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSOAK-9845885.1

Defendant Merck & CO., Inc.'s Answer To Plaintiff's Unverified Complaint And Request For Jury Trial

1 parties other than answering defendant, or third persons not parties to this action, who may have

2 been negligent, legally responsible, or otherwise at fault.  In the event of a finding of liability in

3 favor of plaintiff, a settlement, or a judgment against answering defendant, answering defendant

4 requests an apportionment of fault among all parties and third persons as permitted by *Li v. Yellow*

5 *Cab Company* and *America Motorcycle Association v. Superior Court*.  Answering defendant also

6 requests a judgment and declaration of partial indemnification and contribution against all other

7 parties or third persons in accordance with the apportionment of fault.

8

9       22.    As a twenty-first affirmative defense, answering defendant alleges that if plaintiff has

10 sustained injury or loss as alleged in the Complaint, such injury or loss resulted from pre-existing

11 and/or unrelated medical, genetic, and/or environmental conditions, diseases or illnesses, subsequent

12 medical conditions, idiosyncratic reactions, or natural course of conditions for which answering

13 defendant is not responsible.

14

15       23.    As a twenty-second affirmative defense, answering defendant alleges that plaintiff's

16 claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

17

18       24.    As a twenty-third affirmative defense, answering defendant alleges that if plaintiff has

19 sustained injury or loss as alleged in the Complaint, such injury or loss may have been proximately

20 caused by plaintiff's misuse or abuse of subject pharmaceutical product manufactured or distributed

21 by answering defendant.

22

23       25.    As a twenty-fourth affirmative defense, answering defendant alleges that plaintiff's

24 claims are barred in whole or in part by the First Amendment of the United States Constitution and

25 similar provisions in the Constitution of the State of California which protect, among other things,

26 answering defendant's right to promote and advertise the subject pharmaceutical product.

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

— 5 —

26.    As a twenty-fifth affirmative defense, answering defendant alleges that plaintiff's claims are barred in whole or in part by the doctrines of accord and satisfaction, good faith, consent, res judicata, payment and release, waiver, collateral estoppel, judicial estoppel, equitable estoppel, unclean hands, and/or laches.

27.    As a twenty-sixth affirmative defense, answering defendant alleges that plaintiff's claims are barred in whole or in part because all acts or omissions by answering defendant (or its agent or representative) were privileged or justified and any claim based thereon is barred.

28.    As a twenty-seventh affirmative defense, answering defendant alleges that plaintiff's claims are barred in whole or in part because plaintiff lacks standing to bring such claims.

29.    As a twenty-eighth affirmative defense, answering defendant alleges that plaintiff's claims are barred in whole or in part because the Complaint fails to join necessary and indispensable parties.

30.    As a twenty-ninth affirmative defense, answering defendant alleges that plaintiff's claims are barred in whole or in part because they have been improperly joined in this action.

31.    As a thirtieth affirmative defense, answering defendant alleges that plaintiff's claims are barred in whole or in part because they have been filed in an improper venue.

32.    As a thirty-first affirmative defense, answering defendant alleges that to the extent plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

33.    As a thirty-second affirmative defense, answering defendant alleges that to the extent that plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the

—6—

1    Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative,

2    are unconstitutional insofar as they violate the due process protections afforded by the United States

3    Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution,

4    the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the

5    United States Constitution, and applicable provisions of the Constitution of the State of California.

6    Any law, statute, or other authority purporting to permit the recovery of punitive damages in this

7    case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks

8    constitutionally sufficient standards to guide and restrain the jury's discretion in determining

9    whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it

10   failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)

11   unconstitutionally may permit recovery of punitive damages based on out-of-state conduct, conduct

12   that complied with applicable law, or conduct that was not directed, or did not proximately cause

13   harm, to plaintiff; (4) unconstitutionally may permit recovery of punitive damages in an amount that

14   is not both reasonable and proportionate to the amount of harm, if any, to plaintiff and to the amount

15   of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth

16   or other financial information relating to answering defendant; (6) lacks constitutionally sufficient

17   standards to be applied by the trial court in post-verdict review of any punitive damages award; (7)

18   lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8)

19   otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life*

20   *Ins. Co. v. Haslip*, 499 U.S. 1, 111 S.Ct. 1032 (1991); *TXO Production Corp. v. Alliance Resources,*

21   *Inc.*, 509 U.S. 443, 113 S.Ct. 2711 (1993); *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116

22   S.Ct. 1589 (1996); and *State Farm Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003).

23

24        34.     As a thirty-third affirmative defense, answering defendant alleges that to the extent

25   that plaintiff seeks punitive damages for an alleged act or omission of answering defendant, no act or

26   omission was oppressive, fraudulent, or malicious, under California Civil Code Section 3294, and

27   therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred

28   under California Civil Code Section 3294(b).

DOCSOAK-9845685.1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

35. As a thirty-fourth affirmative defense, answering defendant alleges that plaintiff's claims under Business and Professions Code Sections 17200, et seq. and 17500, et seq. are barred in whole or in part because answering defendant's conduct and all activities with respect to the subject pharmaceutical product manufactured or distributed by answering defendant were lawful, fair, truthful, not misleading or deceptive, and were justified based on the state of medical and scientific knowledge available during the relevant time period.

36. As a thirty-fifth affirmative defense, answering defendant alleges that plaintiff's claims under Business and Professions Code Sections 17200, et seq. and 17500, et seq. are barred in whole or in part because all of answering defendant's activities as alleged in the Complaint were in compliance with the applicable laws, regulations, and rules, and thus cannot be deemed unlawful, unfair, fraudulent, deceptive, untrue, or misleading.

37. As a thirty-sixth affirmative defense, answering defendant alleges that plaintiff's claims under Business and Professions Code Sections 17200, et seq. and 17500, et seq. are barred in whole or in part because plaintiff does not qualify as private attorney general, and for that reason and others, plaintiff lacks standing to prosecute a claim for injunctive or monetary relief.

38. As a thirty-seventh affirmative defense, answering defendant alleges that plaintiff's claims under Business and Professions Code Sections 17200, et seq. and 17500, et seq. are barred in whole or in part because there is no basis for injunctive relief in this action.

39. As a thirty-eighth affirmative defense, answering defendant alleges that plaintiff's claims under Business and Professions Code Sections 17200, et seq. and 17500 et seq. are barred in whole or in part by the doctrine of primary jurisdiction in that the subject pharmaceutical product manufactured or distributed by answering defendant and any advertisement regarding such product are regulated by the Food and Drug Administration and as such, answering defendant requests that

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 8 –

DOCSOAK-9845685.1

1   this court, sitting in equity, abstain from hearing claims under Sections 17200 et seq. and 17500 et

2   seq.

3

4       40.    As a thirty-ninth affirmative defense, answering defendant alleges that plaintiff is not

5   entitled to relief under Business and Professions Code Sections 17200, et seq. and 17500 et seq.

6   because plaintiff has an adequate remedy at law.

7

8       41.    As a fortieth affirmative defense answering defendant alleges that plaintiff's claims

9   under Business and Professions Code Sections 17200, et seq. and 17500 et seq. are barred in whole

10  or in part under principles of substantive and procedural due process.

11

12      42.    As a forty-first affirmative defense, answering defendant alleges that to the extent

13  plaintiff seeks restitution on behalf of individuals who used the subject pharmaceutical product

14  manufactured or distributed by answering defendant and suffered no damage or loss as a result

15  thereof, restitution is unavailable as nothing has been taken from those individuals, who allegedly

16  could have an equitable basis for restitution.

17

18      43.    As a forty-second affirmative defense, answering defendant alleges that plaintiff's

19  claims for restitution for products previously used are barred in whole or in part because plaintiff

20  received benefits from the subject pharmaceutical product manufactured or distributed by answering

21  defendant and nothing was wrongfully taken from plaintiff.

22

23      44.    As a forty-third affirmative defense, answering defendant alleges that plaintiff's claims

24  of fraud and concealment are barred by reason of plaintiff's failure to allege the circumstances

25  constituting the alleged fraud and concealment with particularity.

26

27      45.    As a forty-fourth affirmative defense, answering defendant alleges that answering

28  defendant intends to rely upon such other affirmative defenses as may become available or apparent

DOCSOAK-9845685.1

Defendant Merck & CO., Inc.'s Answer To Plaintiff's Unverified Complaint And Request For Jury Trial

09/30/2006  08:41   FIRST LEGAL SUPPORT   FAX (213) 250-1197

1   during the course of investigation, discovery, or trial, and answering defendant reserves the right to

2   amend this Answer to assert such other defenses to which it may be entitled

3

4       WHEREFORE, answering defendant requests:

5

6       1.      That plaintiff take nothing by the Complaint;

7

8       2.      A dismissal of the Complaint with prejudice and an award of answering

9               defendant's reasonable attorneys' fees to the extent permitted by law;

10

11      3.      Judgment in favor of answering defendant and against plaintiff;

12

13      4.      Costs of suit herein; and

14

15      5.      Such other and further relief that the Court may deem just and proper.

16

17                          **REQUEST FOR JURY TRIAL**

18      Answering defendant respectfully requests a jury trial on those claims to which it is entitled

19   to a jury trial.

20      DATED:  September _15_, 2006.

21

22

23                                  REED SMITH LLP

24                              By

25                                  Kevin M. Hara
                                    Attorneys for Defendant
26                                  Merck & Company

27

28

DOCSOAK-9845685.1

Defendant Merck & CO., Inc.'s Answer To Plaintiff's Unverified Complaint And Request For Jury Trial

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 1999 Harrison Street, Suite 2400, Oakland, CA 94612-3572. On September 15, 2006, I served the following document(s) by the method indicated below:

**DEFENDANT MERCK & CO., INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT AND REQUEST FOR JURY TRIAL**

☐ by transmitting via facsimile on this date from fax number 510.273.8832 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☐ by transmitting via email to the parties at the email addresses listed below:

Lowell Finson, Esq.                     Anthony G. Brazil, Esq.
Robert Arentz, Esq.                     Kanika D. Corley, Esq.
Phillips and Associates                 Morris Polich & Purdy, LLP
3030 North 3rd Street, Suite 1100       1055 West Seventh Street, 24th Floor
Phoenix, Arizona 85012                  Los Angeles, CA 90017

Tel:    (602) 258-8900                  Tel:    (213) 891-9100
Fax:    (602) 279-9155                  Fax:    (213) 488-1178

Attorneys for Plaintiff                 Attorneys for Defendant
                                        McKesson Corporation

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on September 15, 2006, at Oakland, California.

_____
Sandra A. Lasarte

K01E9037

**EXHIBIT C**

1
2
3
4
5
6
7

**FILED**
LOS ANGELES SUPERIOR COURT

SEP 2 9 2005

JOHN A. CLARKE, CLERK

BY E. SABALBURO, DEPUTY

8
9
10

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

11    Coordination Proceeding                    JCCP No.4247
      Special Title Rule (Rule 1550(b))
12                                               ▓▓▓▓▓▓▓▓ CASE MANAGEMENT ORDER
      VIOXX® CASES                               NO. 6: DIRECT FILING AND ADOPTION OF
13                                               MASTER COMPLAINT

14                                               Assigned to the Honorable Victoria G. Chaney,
                                                 Department 324.
15
16
17
18
19

20        The parties hereby stipulate to the entry of the following Case Management Order No. 6:

21    Direct Filing and Adoption of Master Complaint in the California Vioxx Coordination Proceeding

22    ("CMO No. 6"), JCCP No. 4247 ("Coordination Proceeding").

23

24    1.    **Amendment Of Case Management Order No. 3**

25        The terms of this CMO No. 6 shall amend and supersede any provisions of CMO No. 3

26    (General Pre-Trial Order) that are expressly inconsistent herewith.  In all other respects, CMO

27    No. 3 shall continue in full force and effect.

28    ///

2.    **Direct Filing Of Cases In Los Angeles County**

The purpose of this order is to enable the parties to allow their matters to be litigated at the earliest possible time, promote cost-effectiveness for all the parties and increase court efficiency, without intending to or effecting the curtailment of the parties rights' with respect to the trial venue, *forum non conveniens motions*, or removal to or remand from federal court.

(a)    Any case arising out of the use of Vioxx, brought by either a resident of Los Angeles County or a resident of another California county, may be initiated in Los Angeles Superior Court, provided that the following conditions are met and procedures followed:

(1)    As the initial pleading, each individual plaintiff shall file either (1) a short form Complaint titled "**Complaint: Amended Notice of Adoption of Master Complaint (2005 Amended NOA).**" a copy of which is attached hereto as Exhibit "A" ("Notice of Adoption"), or (2) a separate complaint. A plaintiff filing a Notice of Adoption as the initial pleading need not and shall not file a separate complaint. However, a plaintiff filing a separate complaint as the initial pleading must, within 75 days of the coordination of the action, file a Notice of Adoption of Master Complaint, which shall be the operative complaint.

(2)    A plaintiff filing a separate complaint as the initial pleading shall state clearly on the caption page of the complaint, in bold print, the following information: (1) "**VIOXX,**" and (2) "**County of Origin: [plaintiff's county of residence or the county where the alleged injury occurred] Superior Court. By Order of the Honorable Victoria G. Chaney, the designated county of origin shall be deemed, and is stipulated to be, the original county in which this case was initially filed and pending for purposes of removal under 28 U.S.C. § 1441(a) and potential trial venue.**"

(3)    A separate Notice of Adoption shall be filed for each plaintiff claiming personal injury and for each wrongful death decedent.

(4)    The initial pleading (whether a Notice of Adoption or a separate complaint) shall be accompanied by a Civil Case Cover Sheet (Form CM 0-10) and an Addendum to Civil Case Cover Sheet and Statement of Location (Form CIV 109 03-04). If multiple Notices of Adoption are filed, the filing must also comply with Section 2(a)(6) of this CMO 6.

- 2 -

(5)    The initial pleading and Civil Cover Sheets shall be filed in the Central Division of Los Angeles Superior Court, located at 111 N. Hill Street, Los Angeles. The case will be transferred to Department 324 of the Central Civil West Division by the Clerk of the Court.

(6)    If Notices of Adoption are the initial pleading, multiple separate Notices of Adoption may be grouped and filed simultaneously in which event there shall be only one charge for original filing fees and related court fees for all the grouped Notices of Adoption. Plaintiffs simultaneously filing a group of such Notices of Adoption shall also file and serve a Cover Sheet, in the form attached as Exhibit B, listing each and all of the plaintiffs whose separate Notices of Adoption are grouped. This procedure does not affect the requirement set forth above that a separate Notice of Adoption shall be filed for each plaintiff claiming personal injury and for each wrongful death decedent.

(7)    After filing the initial pleading in the Central Division and upon effecting service of process on defendants, the parties are to follow the add-on procedures as provided in CMO 3, XVI.

(b)    Each plaintiff whose action has been coordinated in this proceeding but who has not filed a Notice of Adoption to date must file a Notice of Adoption (Exhibit A) within 75 days of the entry of this order, which shall be deemed the sole operative complaint for such plaintiff and shall supersede any prior complaint filed by such plaintiff.

(c)    Any plaintiff wishing to add a cause of action and/or party not identified in the operative Master Complaint may add such a cause of action and/or party by providing the necessary information in Section 1(b) of the Amended Notice of Adoption (Exhibit A).

(d)    *For any and all Notices of Adoption filed after the date of this order, any defendant previously named and/or cause of action previously alleged in the original complaint (where the initial pleading was a separate complaint) that is not included in the Notice of*

- 3 -

1    *Adoption shall be deemed <u>dismissed</u> without prejudice as of the date of the filing of the Notice of*

2    *Adoption.*

3            (e)        If a complaint and answer(s) thereto were filed prior to the date of this order and

4    before such case became a part of the coordinated action, plaintiff(s) in that case shall file a

5    Notice of Adoption (Exhibit A) and all defendants that previously answered shall be deemed to

6    have answered; and such case shall remain at issue as to those parties and those claims.

7

8    3.        <u>Original Venue For Removal And Trial Purposes</u>

9            For purposes of removal, remand and trial venue, the designated county of origin specified

10   in the initial pleading shall be deemed, and is stipulated to be, the original county in which this

11   case was initially filed and pending.  This Court expressly reserves the right to readdress this

12   issue and revise this Order, if necessary, to effectuate the goal of this order which is to enable the

13   parties to allow their matters to be litigated at the earliest possible time, promote cost-

14   effectiveness for all the parties and increase court efficiency, without intending to or effecting the

15   curtailment of the parties' rights with respect to the trial venue, forum non conveniens motions, or

16   removal to or remand from federal court.

17

18   4.        <u>Remedy For Failure To Comply With Filing Procedures</u>

19           Failure to comply with the filing procedures set forth in CMO No. 3 and this CMO No. 6

20   shall be remedied using the following procedure:  The parties shall first meet and confer and

21   attempt to resolve the issues.  If such meet and confer efforts are unsuccessful, notice of the

22   failure to comply with the filing procedures shall be provided to the Court, whereupon the Court

23   will issue an Order to Show Cause regarding failure to comply with this order.

24

25

26

27

28

- 4 -

CMO No. 6:  Direct Filing And Adoption Of Master Complaint

1
2
3          **SO STIPULATED:**
4          Dated: September 23, 2005.
5
6                                              SEDGWICK DETERT MORAN &
                                               ARNOLD LLP
7          By _Ralph W Campillo_
8             Ralph Campillo
              Wendy Tucker
9             Attorneys for Defendant
              Merck & Co., Inc. and Co-Defense
10            Liaison Counsel
11         Dated: September 23, 2005.
12
                                               REED SMITH LLP
13
14         By _Ralph W Campillo for_
15            Michael K. Brown
              Thomas J. Yoo
16            Attorneys for Defendant
              Merck & Co., Inc. and Co-Defense
17            Liaison Counsel
18         Dated: September 23, 2005.
19
                                               GIRARDI KEESE
20
21         By _O'Callahan (jr)_
22            James O'Callahan
              Attorneys for Plaintiffs and Plaintiffs'
23            Liaison Counsel
24
25
26
27
28

                              - 5 -

**SO ORDERED:**

Dated: 9/29/05

The Honorable Victoria G. Chaney
Judge of the Superior Court

- 6 -

1    [Plaintiff's Counsel Information]

2

3

4

5

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF LOS ANGELES

10

11   Coordination Proceeding Special Title          CASE NO. JCCP No. 4247
     (Rule 1550(b)                                   Case No.: _____
12
     VIOXX® CASES
13                                                   **County of Origin:** _____
                                                     **Superior Court**
14

15                                                   *(By Order of the Honorable Victoria G.*
                                                     *Chaney, the designated county of origin shall*
16                                                   *be deemed, and is stipulated to be, the original*
                                                     *county in which this case was initially filed*
17                                                   *and pending for purposes of removal under 28*
                                                     *U.S.C. § 1441(a) and potential trial venue.)*
18

19                                                   **COMPLAINT: AMENDED NOTICE OF**
                                                     **ADOPTION OF VIOXX MASTER**
20                                                   **COMPLAINT (2005 Amended NOA)**

21                                                   Assigned to the Honorable Victoria G. Chaney
                                                     Department 324
22

23

24

25

26

27

28

Plaintiff's Notice Of Adoption Of Master Complaint

1         Pursuant to the Court's Case Management Order No. 3:  General Pre-trial Order and Case

2    Management Order No. 6: Order Regarding Direct Filing, plaintiff

3    _____ hereby adopts the Master Complaint, and any rulings

4    or order of the Court relating thereto:

5        1. **(a)**   **Causes of action and Parties alleged in the Master Complaint.**  Plaintiff

6    incorporates by reference each of the causes of action in the Master Complaint checked below

7    and alleges same against Merck:

8        ☐     Strict Liability – Failure to Warn

9        ☐     Negligence

10       ☐     Negligence Per Se

11       ☐     Breach of Implied Warranty

12       ☐     Breach of Express Warranty

13       ☐     Deceit by Concealment

14       ☐     Negligent Misrepresentation

15       ☐     Violation of Business & Professions Code § 17200

16       ☐     Violation of Business & Professions Code § 17500

17       ☐     Violation of Civil Code § 1750

18       ☐     Wrongful Death

19       ☐     Survivor Action

20       ☐     Loss of Consortium

21       **(b)**     **Causes of Action and/or Parties not alleged in the Master Complaint.**

22       Plaintiff alleges additional causes of action and/or names additional parties not

23   mentioned in the Master Complaint as follows: _____

24   _____

25   _____

26   _____

27   _____

28

-2-

2.      Plaintiff is a resident of the State of California, County of
_____. Plaintiff's injuries as alleged in this litigation occurred in the County of
_____, in the State of _____.

3.      Plaintiff ☐ is/ ☐ is not claiming damages for mental and/or emotional distress.

4.

☐       Plaintiff is an individual who ingested VIOXX®, and who asserts claims for
damages herein by complaining of the following injuries: _____

_____

_____

_____

☐       Plaintiff is the spouse of _____, an individual
who ingested VIOXX® and allegedly sustained personal injuries as a result.

☐       Plaintiff's decedent, _____, an individual who
ingested VIOXX® and allegedly sustained fatal injury as a result. The following
plaintiffs are heirs of plaintiff's decedent, or other persons entitled to bring an
action for the wrongful death of plaintiff's decedent, and bring the causes of
action alleged herein pursuant to Code of Civil Procedure § 377.60:

_____

_____

_____

☐       Plaintiff is a personal representative or successor in interest to decedent,
_____, who ingested VIOXX® and allegedly sustained
fatal injury as a result, and is authorized to bring a survivor action on behalf of the
decedent pursuant to Code of Civil Procedure § 377.31, et seq. Plaintiff has been
appointed as the decedent's personal representative or successor in interest by the
following court, on the following date:

_____

5. The Vioxx ingested by plaintiff or decedent was purchased at the following pharmacies *(provide name and address of each pharmacy)*: _____

_____

_____

_____

_____

6. *(If plaintiff alleges a cause of action for deceit by concealment and/or a cause of action for negligent misrepresentation, plaintiff must complete this section.)* Plaintiff claims that defendants are liable to plaintiff for deceit by concealment and/or negligent misrepresentation based on the following allegations:

(a) What allegedly false statement(s) did defendants make to you or your doctor (*if doctor, state the name and address of the doctor*)?: _____

_____

_____

_____

_____

_____

(b) State the name and job title of the individual(s) who made the above-described statements to you or your doctor?: _____

_____

_____

(c) When, and by what means (e.g., writing, oral statement, television, Internet, etc.), were the above-described statements made to you or your doctor?: _____

_____

_____

_____

Plaintiff's Notice Of Adoption Of Master Complaint

(d)    When, and how, did you or your doctor rely on the above-described statements?:

_____

_____

_____

_____

(e)    If the above-described statements were false by virtue of defendants' concealment of facts that were known by defendants, state the facts that were concealed and that, if known by you or your doctor, would have prevented your alleged injury: _____

_____

_____

_____

_____

7.    Plaintiff requests the relief checked below:

☐    Past and future general damages, according to proof.

☐    Past and future medical and incidental expenses, according to proof.

☐    Past and future loss of earnings and/or earning capacity, according to proof.

☐    Punitive and exemplary damages, where permitted by law.

☐    Damages for past and future mental and/or emotional distress, according to proof.

☐    Damages for past and future loss of consortium, according to proof.

☐    Costs of suit incurred herein.

☐    Injunctive relief (specify): _____

_____

_____

☐    Other (specify): _____

DATED: _____, 2005

By:_____
[Attorney's Name]
Attorneys for Plaintiff
[Plaintiff's Name]

-5-

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| Coordination Proceeding<br>Special Title (Rule 1550(b))<br><br>VIOXX® CASES | JCCP No. 4247<br><br>**VIOXX**<br><br>**COVER SHEET FOR FILING OF<br>MULTIPLE VIOXX NOTICES OF<br>ADOPTION OF MASTER COMPLAINT**<br><br>*(Per Section 2(a)(6) of CMO 6 signed by the<br>Honorable Victoria G. Chaney in JCCP No.<br>4247: VIOXX CASES)*<br><br>Assigned to the Honorable Victoria G. Chaney,<br>Department 324. |

This Cover Sheet For Filing of Multiple Vioxx Notices of Adoption of Master Complaint ("Cover Sheet") is filed pursuant to Section 2(a)(6) of Case Management Order 6 signed by the Honorable Victoria G. Chaney in JCCP No. 4247: VIOXX CASES, which provides, in pertinent part:

"**If Notices of Adoption are the initial pleading, multiple separate Notices of Adoption may be grouped and filed simultaneously in which event there shall be only one charge for original filing fees and related court fees for all the grouped Notices of Adoption. Plaintiffs simultaneously filing a group of such Notices of Adoption shall also file and serve a Cover Sheet, in the form attached as Exhibit B, listing each and all of the plaintiffs whose separate Notices of Adoption are grouped. . . .**"  (emphasis added)

Notices of Adoption of the Master Complaint ("Notices of Adoption") for the following plaintiffs are filed concurrently with this Cover Sheet:

     1. *(Name of plaintiff)*
     2. *(Name of plaintiff)*
     3. *(Name of plaintiff)*

- 1 -

4. *(Name of plaintiff)*

These Notices of Adoption are filed in place of initial complaints and will serve as initial pleadings pursuant to CMO 6.

This Cover Sheet is to be filed with the Court and served upon Liaison Counsel. Each Notice of Adoption of the Master Complaint filed concurrently with this Cover Sheet is to be filed with the Court, served upon Liaison Counsel, and served upon all parties named therein.

- 2 -

Civil Cover Sheet For Filing Multiple Notices Of Adoption Of Master Complaint

**PROOF OF SERVICE**

1

2       I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Sedgwick, Detert, Moran & Arnold LLP, 801 South

3   Figueroa Street, 18th Floor, Los Angeles, California 90017-5556.  On September 30, 2005, I served the within document pursuant to the Court's Electronic Case Management Order (CMO

4   No. 1):

5                 **CASE MANAGEMENT ORDER NO. 6: DIRECT FILING AND**
                  **ADOPTION OF MASTER COMPLAINT**

6

7       ☐      FACSIMILE - by transmitting via facsimile the document(s) listed above to the
                fax number(s) set forth on the attached Telecommunications Cover Page(s) on this
                date before 5:00 p.m.

8       ☐      MAIL - by placing the document(s) listed above in a sealed envelope with postage
                thereon fully prepaid, in the United States mail at Los Angeles, California

9               addressed as set forth below.

10      ☐      PERSONAL SERVICE - by personally delivering the document(s) listed above to
                the person(s) at the address(es) set forth below.

11      ☐      OVERNIGHT COURIER - by placing the document(s) listed above in a sealed

12              envelope with shipping prepaid, and depositing in a collection box for next day
                delivery to the person(s) at the address(es) set forth below via .

13      ☒      CASE HOME PAGE – by submitting an electronic version of the above
                referenced documents via file transfer protocol to the CaseHomePage.

14

15

16      I declare under penalty of perjury under the laws of the State of California that the above

17  is true and correct.  Executed on September 30, 2005, at Los Angeles, California.

18

19                                          _____
                                                    Kelly C. Palmer

20

21

22

23

24

25

26

27

28

LA/610181v1

X01665Y

FILED          ENTERED
LODGED         RECEIVED

NOV 27 2002

AT SEATTLE
CLERK U.S. DISTRICT COURT
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: PHENYLPROPANOLAMINE
(PPA) PRODUCTS LIABILITY
LITIGATION,                                    MDL NO. 1407

                                               ORDER DENYING PLAINTIFF'S
_____              MOTION TO REMAND

This document relates to:

Barnett, et al. v. American
Home Products Corp., et al.,
(NO. C02-423R)

    THIS MATTER comes before the court on the motion of plain-
tiffs to remand the case to state court in Mississippi.  Having
reviewed the papers filed in support of and in opposition to this
motion, the court rules as follows:

                        I.  BACKGROUND

    Plaintiffs purchased a variety of over-the-counter drugs
including, but not limited to, products sold under the trade
names "Robitussin," "Alka-Seltzer Plus," "Dimetapp," "Tavist D,"
"BC," "Triaminic," "Contac," "Comtrex," and "Equate Tussin CF."
All of these products contained the ingredient phenylpro-
panolamine ("PPA").  The individuals later consumed the medica-
tion and suffered unidentified types of injuries.  In June 2001,
plaintiffs filed an amended complaint in Mississippi state court
linking the PPA in the medicine with the injuries sustained.

ORDER
Page - 1 -

43

1    The complaint alleges numerous causes of action against both
2    manufacturers and distributors of PPA-containing products, as
3    well as several retail stores that sold those products.  One of
4    the stores named as a defendant, Bill's Dollar Stores, Inc.,
5    d/b/a Bill's Dollar Store ("Bill's Dollar Store"), is a Missis-
6    sippi corporation.  Two of the six total plaintiffs purchased
7    PPA-containing products from Bill's Dollar Store.[1]

8    Defendants removed the complaint to federal court alleging
9    that plaintiffs fraudulently joined Bill's Dollar Store.  Plain-
10   tiffs moved to remand to state court.  The case was later trans-
11   ferred to this court as part of a multi-district litigation
12   ("MDL").

                            II.  ANALYSIS

14   A plaintiff cannot defeat federal jurisdiction by fraudu-
15   lently joining a non-diverse party.  As an MDL court sitting in
16   the Ninth Circuit, this court applies the Ninth Circuit's fraudu-
17   lent joinder standard to the motion to remand.  See, e.g., In re
18   Diet Drugs Prods. Liab. Litig., 220 F. Supp. 2d 414, 423 (E.D.
19   Pa. 2002); In re Bridgestone/Firestone, 204 F. Supp. 2d 1149,
20   1152 n.2 (S.D. Ind. 2002); In re Tobacco/Gov'tal Health Care
21   Costs Litig., 100 F. Supp. 2d 31, 34 n.1 (D. D.C. 2000); In re

---

23   [1]Defendants assert the misjoinder of these plaintiffs'
     claims and request that the court sever and deny remand as to the
24   four plaintiffs who did not purchase any products from Bill's
     Dollar Store, or from any other Mississippi store.  However,
25   because, as discussed below, the court denies remand as to all
     plaintiffs named in this action, the court need not address the
26   question of misjoinder at this time.

ORDER
Page - 2 -

1  <u>Ford Motor Co. Bronco II Prods. Liab. Litig.</u>, MDL-991, 1996 U.S.

2  Dist. LEXIS 6769, at *2-4 (E.D. La. May 16, 1996).[3]  Under this

3  standard, joinder of a non-diverse party is deemed fraudulent

4  "'[i]f the plaintiff fails to state a cause of action against a

5  resident defendant, and the failure is obvious according to the

6  settled rules of the state.'"  <u>Morris v. Princess Cruises, Inc.</u>,

7  236 F.3d 1061, 1067 (9th Cir. 2001) (quoting <u>McCabe v. General</u>

8  <u>Foods Corp.</u>, 811 F.2d 1336, 1339 (9th Cir. 1987)).[3]

9      The propriety of removal to federal court is determined from

10  the allegations in the complaint at the time of removal.  <u>See</u>

11  <u>Ritchey v. Upjohn Drug Co.</u>, 139 F.3d 1313, 1318 (9th Cir. 1998)

12  However, in the case of fraudulent joinder, the defendant "'is

13  entitled to present the facts showing the joinder to be fraudu-

14  lent.'"  <u>Id.</u> (quoting <u>McCabe</u>, 811 F.2d at 1339).  <u>See also</u> <u>Morris</u>

15  

16  _____

    [2] <u>See generally</u> <u>Mancowitz v. Brown</u>, 991 F.2d 36, 40-41 (2d

17  Cir. 1993); <u>In Re Korean Airlines Disaster</u>, 829 F.2d 1171, 1174-
    76 (D.C. Cir. 1987).

18  [3] However, as a practical matter, application of the Fifth
    Circuit's fraudulent joinder standard would not alter the court's

19  conclusion.  <u>See</u> <u>Badon v. RJR Nabisco, Inc.</u>, 224 F.3d 382, 393
    (5th Cir. 2000) (remand is denied where there is "no reasonable

20  basis for predicting that plaintiffs might establish liability .
    . . against the in-state defendants.")  For example, recent MDL

21  courts utilized fraudulent joinder standards similar, and in one
    case identical, to the Fifth Circuit's standard in deeming

22  Mississippi pharmacies and their employees fraudulently joined
    for reasons similar to those expressed in this opinion.  <u>See</u> <u>In</u>

23  <u>re Diet Drugs Prods. Liab. Litig.</u>, 220 F. Supp. 2d at 423-24
    (noting that there had been "a pattern of pharmacies being named

24  in complaints, but never pursued to judgment, typically being
    voluntarily dismissed at some point after the defendants' ability

25  to remove the case has expired"); <u>In re Rezulin Prods. Liab.</u>

26  <u>Litig.</u>, 133 F. Supp. 2d 272, 279 & n.3, 288-92 (S.D.N.Y. 2001).

    ORDER
    Page - 3 -

1  236 F.3d at 1067-68 (citing <u>Cavallini v. State Farm Mut. Auto.</u>

2  <u>Ins. Co.</u>, 44 F.3d 256, 263 (5th Cir. 1995) for the proposition

3  that the court may "'pierc[e] the pleadings'" and consider

4  "summary judgment-type evidence.")

5      Defendants allege that plaintiffs fraudulently joined Bill's

6  Dollar Store, while plaintiffs claim the existence of legitimate

7  causes of action against Bill's Dollar Store, including products

8  liability, negligence, misrepresentation, and implied warranty

9  claims.  The parties also argue as to the relevance of a bank-

10  ruptcy petition filed by Bill's Dollar Store prior to the filing

11  of this suit.

12  A.   <u>Products Liability</u>

13      The complaint contains failure to warn and design defect

14  allegations pursuant to the Mississippi Products Liability Act.

15  Miss. Code Ann. § 11-1-63.  Under the Products Liability Act,

16  plaintiff must show that at the time the product left the control

17  of the manufacturer or seller, it was defective in failing to

18  contain adequate warnings or instructions, and/or was designed in

19  a defective manner.  Miss. Code Ann. § 11-1-63 (a)(i)(2)-(3).

20  Plaintiff must also show that the manufacturers and sellers knew,

21  or in light of reasonably available knowledge or the exercise of

22  reasonable care should have known, about the danger that caused

23  the alleged damage.  Miss. Code Ann. § 11-1-63 (c)(i),(f)(i).[4]

24  _____

25    [4] <u>See also</u> <u>Huff v. Shopsmith, Inc.</u>, 786 So.2d 383, 387 (Miss.
2001) ("With the adoption of 11-1-63, common law strict liability,
26  as laid out in <u>State Stove Mfg. Co. v. Hodges</u>, 189 So.2d 113

ORDER
Page - 4 -

1    Plaintiffs allege in the complaint that "defendants" or "all
2  defendants" knew or should have known of dangers associated with
3  PPA.  Moreover, plaintiffs specifically aver this knowledge or
4  reason to know on the part of the retailer defendants, including
5  Bill's Dollar Store.  However, the court finds that no factual
6  basis can be drawn from the complaint that Bill's Dollar Store
7  had knowledge or reason to know of any dangers allegedly associ-
8  ated with PPA.
9    First, the complaint utilizes the plural "defendants" in a
10 number of allegations that one could not reasonably interpret to
11 include Bill's Dollar Store.  See, e.g., Louis v. Wyeth-Ayerst
12 Pharm., Inc., No. 5:00CV102LN, slip op. at 5-9 (S.D. Miss. Sep.
13 25, 2000) (finding products liability allegations lodged against
14 "defendants" conclusory where there was no factual support for
15 conclusion that Mississippi pharmacies had knowledge or reason to
16 know of alleged dangers associated with various diet drugs).⁹
17 _____
18 (Miss. 1966), is no longer the authority on the necessary
   elements of a products liability action.")
19
20  ⁹See also In re Diet Drugs Prods. Liab. Litig., 220 F. Supp.
   2d at 424 (finding complaints, including failure to warn,
21 negligence, breach of warranty, and strict liability claims,
   devoid of specific allegations against Mississippi pharmacies and
22 "filled instead with general statements levied against all
   defendants, which most properly can be read as stating claims
23 against drug manufacturers."); In re Rezulin Products Liab.
   Litig., 133 F. Supp. 2d at 291 (finding improper joinder in case
24 where Mississippi pharmacies were lumped in with manufacturers
   and acts alleged, including failure to warn, breach of warranty,
25 and fraud, were attributed to "'defendants' generally", but
   never connected to the pharmacies); accord Badon, 224 F.3d at
26 391-93 ("While the amended complaint does often use the word

   ORDER
   Page - 5 -

1  For example, the complaint describes "defendants" as members of
2  the Non-Prescription Drug Manufacturers Association ("NDMA").
3  Through this association, "defendants" purportedly participated
4  in numerous discussions relating to the safety of PPA over the
5  past two decades, had representatives sit on the NDMA PPA Task
6  Force, and funded relevant studies.  In other words, plaintiffs,
7  in significant part, demonstrate "defendants'" knowledge as to
8  risks allegedly posed by PPA through activities engaged in by
9  manufacturer defendants alone.

10      Indeed, while "defendants" are alleged to have been aware or
11  to have had responsibility for awareness of numerous scientific
12  journal articles, incident reports, medical textbooks, and other
13  reports containing information as to risks of PPA consumption,
14  general medical practitioners are excluded from this awareness
15  and described as being not "fully informed."  The complaint
16  supplies no factual support for a conclusion that a dollar store
17  possessed medical and scientific knowledge beyond that possessed
18  by medical practitioners.

19      Second, the complaint specifically lays the responsibility
20  for allegedly concealing dangers posed by PPA on the manufacturer
21  defendants.  For example, the complaint alleges that the manufac-
22  turer defendants concealed material facts regarding PPA through
23  product packaging, labeling, advertising, promotional campaigns
24  _____
25  'defendants,' frequently it is evident that such usage could not
   be referring to the 'Tobacco Wholesalers.'"; finding conspiracy
26  allegations against Louisiana defendants entirely general).

ORDER
Page - 6 -

1  and materials, and other methods.  This allegation directly
2  undermines and contradicts the idea that Bill's Dollar Store had
3  knowledge or reason to know of alleged defects.  See, e.g.,
4  Louis, slip op. at 4-5 (finding complaint's "major theme" to
5  consist of the "manufacturers' intentional concealment of the
6  true risks of the drug(s), coupled with dissemination through
7  various media of false and misleading information of the safety
8  of the drug(s) at issue, [which belied] any suggestion of knowl-
9  edge, or reason to know by [the] resident defendants.") Cf. In re
10 Rezulin Products Liab. Litig., 133 F. Supp. 2d 272, 290 (S.D.N.Y.
11 2001) (finding Mississippi pharmacies facing failure to warn
12 claims fraudulently joined where "the theory underlying the
13 complaints [was] that the manufacturer defendants hid the dangers
14 of Rezulin from plaintiffs, the public, physicians, distributors
15 and pharmacists — indeed from everyone.")
16    In sum, the court concludes that one could not reasonably
17 read the complaint to support the idea that the retailer defen-
18 dants had knowledge or reason to know of any dangers allegedly
19 associated with PPA.  Indeed, reading the complaint as a whole,
20 this allegation reveals itself as directed towards the manufac-
21 turer defendants alone.  As such, the court finds that plaintiffs
22 fail to state a products liability cause of action against Bill's
23 Dollar Store.⁶

24 _____
25    ⁶ The complaint once alludes to an "alternative" breach of
   express warranty claim under the Products Liability Act.  See
26 Miss. Code Ann. § 11-1-63 (a)(1)(4) (requiring a showing that the

ORDER
Page - 7 -

**B.** **Negligence and Misrepresentation**

The complaint alleges negligence and misrepresentation by
Bill's Dollar Store. A negligence cause of action also requires
a showing of knowledge or reason to know on the part of the
seller. _See, e.g._, _R. Clinton Constr. Co. v. Bryant & Reaves,
Inc._, 442 F. Supp. 839, 851 (N.D. Miss. 1977) ("The rule is well
settled that in order to fasten liability upon a party for
negligence, it must be shown by a preponderance of the evidence
that he knew or through the exercise of reasonable care should
have known that his selection of a [product] would cause damage
to his customer.")[7] A misrepresentation cause of action requires

---

seller breached an express warranty or failed to conform to other
express factual representations upon which the claimant relied.
However, the products liability allegations go on to touch solely
upon failure to warn and design defect claims. Because the
complaint lacks any factual basis for support of a breach of
express warranty claim against Bill's Dollar Store, the court
also finds this bare allegation insufficient to support remand.

[7]_Accord Louis_, slip op. at 3-4 & n.3 ("[K]nowledge, or a
reason to know, is also a necessary requisite for any claim of
failure to warn or negligence that a plaintiff might undertake to
assert extraneous to a claim under the Products Liability Act
itself (assuming solely for the sake of argument that such a
claim could exist)."); _Cadillac Corp. v. Moore_, 320 So.2d 361,
365 (Miss. 1975) (discussing negligence in "vendor/purchaser"
context and stating that "fault on the part of a defendant so as
to render him liable is to be found in action or nonaction,
accompanied by knowledge, actual or implied, of the probable
result of his conduct.") _Cf. Moore v. Memorial Hosp. of
Gulfport_, 825 So.2d 658, 664-66 (Miss. 2002) (extending "learned
intermediary" doctrine to pharmacists in case involving
prescription drug, and holding no actionable negligence claim
could exist against a pharmacy unless a plaintiff indisputably
informed the pharmacy of health problems which contraindicated
the use of the drug in question, or the pharmacist filled

ORDER
Page - 8 -

1  a plaintiff to show:

2       (1) a representation; (2) its falsity; (3) its materi-
   ality; (4) the speaker's knowledge of its falsity or
3  ignorance of its truth; (5) the speaker's intent that
   the representation should be acted upon by the hearer
4  and in the manner reasonably contemplated; (6) the
   hearer's ignorance of its falsity; (7) the hearer's
5  reliance on its truth; (8) the hearer's right to rely
   thereon; and (9) the hearer's consequent and proximate
6  injury.

7  Johnson v. Parke-Davis, 114 F. Supp. 2d 522, 525 (S.D. Miss.

8  2000) (citing Allen v. Mac Tools, Inc., 671 So.2d 636, 642 (Miss.

9  1996)}.

10      Again, the court finds that the general and contradictory

11  allegations in the complaint do not support the existence of any

12  knowledge or reason to know on the part of Bill's Dollar Store to

13  support a negligence cause of action.  The court finds the

14  complaint similarly bereft of any factual support for the idea

15  that Bill's Dollar Store made any misrepresentations whatsoever

16  to plaintiffs regarding the PPA-containing products.  See, e.g.,

17  Johnson, 114 F. Supp. 2d at 525 ("Suffice it to say that Plain-

18  tiffs have no proof . . . that any of the named [Mississippi]

19  representatives made any representations directly to any of the

20  Plaintiffs.  Thus, none of the Plaintiffs was the 'hearer' of any

21  of the sales representatives' alleged misrepresentations.";

22  finding plaintiffs had no cause of action for misrepresentation).

23  Instead, as discussed above, the complaint attributes this

24

25  ─────────────────────

26  prescriptions in quantities inconsistent with the recommended
    dosage guidelines).

    ORDER
    Page - 9 -

1  behavior to the manufacturing defendants alone.  As such, the

2  court also finds that plaintiffs fail to state negligence and

3  misrepresentation causes of action against Bill's Dollar Store.

4  C.   Implied Warranty

5      The complaint also alleges that Bill's Dollar Store breached

6  implied warranties of merchantability and fitness for particular

7  purpose.  See Miss. Code Ann. §§ 75-2-314, 315.  The complaint

8  accuses "defendants" of breaching the implied warranty of mer-

9  chantability in failing to adequately label containers and

10 packages containing PPA, and because the products sold failed to

11 conform to promises or affirmations of facts made on the contain-

12 ers or labels.  See Miss. Code Ann. § 75-2-314 (2)(e)-(f).  The

13 complaint accuses both manufacturers and sellers of breaching the

14 implied warranty of fitness for particular purpose where they had

15 reason to know of the particular use of the products, and the

16 purchasers relied on the sellers' skill or judgment in selecting

17 and furnishing suitable and safe products.  See Miss. Code Ann. §

18 75-2-315.

19     In order to recover for breach of implied warranty, a buyer

20 "must within a reasonable time after he discovers or should have

21 discovered any breach notify the seller of breach or be barred

22 from any remedy."  Miss. Code Ann. § 75-2-607 (3)(a); accord C.R.

23 Daniels, Inc. v. Yazoo Mfg. Co., 641 F. Supp. 205, 210-11 (S.D.

24 Miss. 1986); Gast v. Rogers-Dingus Chevrolet, 585 So. 2d 725,

25 730-31 (Miss. 1991).  Here, the complaint contains no indication

26 that plaintiffs provided Bill's Dollar Store with any notice as

ORDER
Page - 10 -

1  to an alleged breach of warranty prior to the institution of this
2  lawsuit.

3       Additionally, with respect to the merchantability claim, the
4  complaint contains no factual support for a conclusion that
5  Bill's Dollar Store was in any way involved with the labeling
6  and/or packaging of the products at issue.  Instead, the com-
7  plaint alleges that the manufacturer defendants concealed mate-
8  rial facts regarding PPA through product packaging and labeling.

9       The court likewise finds plaintiffs' fitness for particular
10 purpose allegation insufficient.  "Mississippi does not recognize
11 an implied warranty of fitness for a particular purpose when the
12 good is purchased for the ordinary purpose of a good of that
13 kind."  Farris v. Coleman Co., 121 F. Supp. 2d 1014, 1018 (N.D.
14 Miss. 2000) (fitness for particular purpose claim failed where
15 plaintiff purchased cooler to keep food and beverages cold - the
16 ordinary purpose for which a cooler is used).  Here, plaintiffs
17 attested that they purchased PPA-containing products to remedy
18 their "cold, flu, sinus and/or allergy symptoms" - the ordinary
19 purpose of these medications.

20      Therefore, for the reasons stated above, the court finds
21 that plaintiffs fail to state implied warranty causes of action
22 against Bill's Dollar Store.

23 D.   Bankruptcy

24      Bill's Dollar Store filed a bankruptcy petition in February
25 2001, several months prior to the filing of plaintiffs' com-
26 plaint.  The filing of the bankruptcy petition operates as a stay

ORDER
Page - 11 -

1  on judicial or other proceedings brought against Bill's Dollar

2  store that were or could have commenced prior to the commencement

3  of the bankruptcy proceeding.  See 11 U.S.C. § 362(a); In re

4  Cajun Elec. Power Co-Op. Inc., 185 F.3d 446, 457 (5th Cir. 1999).

5       Plaintiffs argue that the automatic stay poses no barrier to

6  relief given that they were unaware of the bankruptcy petition at

7  the time they filed their complaint, and because they anticipate

8  that the Bankruptcy Court will agree to their pending request to

9  lift the stay.  However, whether or not plaintiffs knew of the

10  petition and whether or not the stay may later be lifted, the

11  fact remains that, at the time plaintiffs filed their complaint,

12  the stay operated to prohibit their lawsuit.  As noted above, the

13  court determines jurisdiction based on the claims as stated at

14  the time of removal.  As such, the court finds the existence of

15  the stay at the time of filing serves as an additional reason to

16  deny remand of this matter to state court.  Cf. Ritchey, 139 F.3d

17  at 1319-20 (denying remand where the statute of limitations had

18  expired at the time plaintiff filed the complaint).[8]

19                    III.  CONCLUSION

20       The court concludes that plaintiffs fail to state a cause of

21  action against the only non-diverse defendant, and that the

22  _____

23  [8]Unlike in a number of other cases transferred to this MDL,
    the defendants here did not supply the court with any summary
24  judgment-type evidence to establish the retailer defendant's
    fraudulent joinder.  However, the court nonetheless finds that a
25  plain reading of the complaint does not allow a conclusion that
    plaintiffs state a cause of action against Bill's Dollar Store.
26

ORDER
Page - 12 -

1 | failure is obvious according to the settled rules of Mississippi.
2 | As such, the court finds Bill's Dollar Store fraudulently joined
3 | and DENIES plaintiff's motion to remand the case to the state
4 | courts of Mississippi.
5 |     DATED at Seattle, Washington this 26th day of November,
6 | 2002.
7 |
8 |                              BARBARA JACOBS ROTHSTEIN
                                 UNITED STATES DISTRICT JUDGE
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |

ORDER
Page - 13 -

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS
ROBERT BROWN

## DEFENDANTS
MERCK & COMPANY, INC., a corporation, MCKESSON CORPORATION, a corporation, and DOES 1 to 500, inclusive,

FILED

'06 CV 2020 R RBB

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF <u>San Diego</u>
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Lowell Finson
Robert Arentz
Phillips and Associates
3030 North 3rd Street, Suite 1100
Phoenix, Arizona 85012 (602) 258-8900

ATTORNEYS (IF KNOWN)
Steven J. Boranian (CSBN 174183)
Kevin M. Hara (CSBN 221604)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111 (415) 543-8700

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
This is a civil action between diverse parties and is removable under 28 U.S.C. Section 1332, 1441 (b).

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reappointment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Medical Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [X] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **HABEAS CORPUS:** | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | [ ] 871 IRS - Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | [ ] 890 Other Statutory Actions |
| | | [ ] 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   Docket Number _____

DATE
September 19, 2006

SIGNATURE OF ATTORNEY OF RECORD

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

129612  $350 SA 9/20/06

INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, enter the name of the tract of land involved.)

    (c) Attorneys. Enter the firm name, address, telephone number, and attorneys of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

     United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

     United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

     Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

     Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

V.   Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI.  Origin. Place an "X" in one of the seven boxes.

     Original Proceedings. (1) Cases which originate in the United States district courts.

     Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

     Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

     Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

     Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

     Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

     Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.C.P.

     Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

     Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

(rev. 07/89)

:ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

---

UNITED STATES
DISTRICT COURT
Southern District of California
San Diego Division

# 129612 - A1
September 20, 2006

| Code | Case # | Qty | Amount |
|------|--------|-----|--------|
| CV086900 | 3-06-CV-2020 | | 60.00 CH |
| | Judge - RHODES | | |
| CV086400 | | | 100.00 CH |
| CV510000 | | | 190.00 CH |

Total->     350.00

FROM: CIVIL FILING
ROBERT BROWN V. MERCK & CO
ET AL
BCH 117089 SH
MS: BCH